**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

CASE NO.:

MIGDALIA SANTOS, as Personal Representative of the Estate of ELIAS SANTOS,

   Plaintiff,

vs.

UNITED STATES OF AMERICA d/b/a MIAMI VA HEALTHCARE SYSTEM,

   Defendant.
_____/

**COMPLAINT FOR WRONGFUL DEATH**

COMES NOW, the Plaintiff, MIGDALIA SANTOS, as Personal Representative of the Estate of ELIAS SANTOS, and sues the Defendant, UNITED STATES OF AMERICA d/b/a MIAMI VA HEALTHCARE SYSTEM, and as grounds therefor states:

**NATURE OF LAWSUIT**

1. This is a wrongful death action arising from the medical care and treatment rendered to ELIAS SANTOS through the MIAMI VA HEALTHCARE SYSTEM. Specifically, the Defendant, by and through its medical providers, including Marie E. Antoine, N.P. ("M. Antoine, N.P.") and Lennox Jeffers, M.D. ("Dr. Jeffers"), failed to, among other things, properly test and obtain critical diagnostic imaging studies to rule out hepatocellular carcinoma (liver cancer), and as a consequence thereof, there was a significant delay in diagnosing this condition resulting in ELIAS SANTOS' death.

## CASE NO.:

## JURISDICTION AND VENUE

2. This action is brought under the Federal Tort Claims Act, 28 U.S.C. §2671 et seq.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1346(b)(1) as the subject action seeks money damages for the wrongful death of ELIAS SANTOS caused by the negligence of employees of the UNITES STATES OF AMERICA, specifically, M. Antoine, N.P. and Dr. Jeffers, who were acting in the course and scope of their employment at all material times hereto.

4. The venue lies in this district court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to these claims occurred in this district.

## PARTIES

5. Plaintiff is the duly appointed Personal Representative of the Estate of ELIAS SANTOS, Deceased, and brings this action on behalf of the Estate and his survivor pursuant to the Florida Wrongful Death Act, Section 768.16-768.28, Florida Statutes.

6. The survivor of ELIAS SANTOS is his spouse, MIGDALIA SANTOS.

7. At all pertinent times, ELIAS SANTOS, was a resident of Miami-Dade County, Florida, as well as a veteran of the United States Armed Services having served as an active duty member of the United States Army from on or about 1972 through 1976.

8. The Defendant, UNITED STATES OF AMERICA, did and does business at all pertinent times as the MIAMI VA HEALTHCARE SYSTEM and owned and operated a hospital, known as the Miami VA Hospital, and outpatient clinics in Miami-Dade County, whereat medical services were provided to veterans of the United States Armed Services, including ELIAS SANTOS.

9. At all pertinent times, Dr. Jeffers, was and is a physician duly licensed to practice his

CASE NO.:

profession as provided by the laws of the State of Florida and was engaged in the practice of hepatology and gastroenterology in Miami-Dade County, Florida and specifically, at Miami VA Hospital and the Defendant's outpatient clinics.

10. At all pertinent times, M. Antoine, N.P., was and is a nurse practitioner duly licensed to practice her profession as provided by the laws of the State of Florida and was engaged in the practice of her profession as a nurse practitioner in Miami-Dade County, Florida and specifically, at Miami VA Hospital and the Defendant's outpatient clinics.

11. At all pertinent times, Dr. Jeffers and M. Antoine, N.P., were employees of the Defendant, UNITED STATES OF AMERICA, and were working in the course and scope of their employment and/or agency when providing medical care to ELIAS SANTOS, deceased, at Miami VA Hospital and/or the Defendant's outpatient clinics.

12. At all times material hereto, Dr. Jeffers was working in the course and scope of his employment with Defendant, UNITED STATES OF AMERICA, while supervising M. Antoine, N.P., and specifically M. Antoine, N.P.'s medical care of ELIAS SANTOS.

13. At all pertinent times, the Defendant, UNITED STATES OF AMERICA, is liable for the negligence of its employees, including Dr. Jeffers and M. Antoine, N.P.

**COMPLIANCE WITH CONDITIONS PRECEDENT
AND FLORIDA STATUTE SECTION 766.106(2)**

14. Pursuant to 28 U.S.C. §2675(a) and §766.106, Florida Statutes, Plaintiff has performed each and every condition precedent to the bringing of this action, including service of the requisite notices of intent to initiate litigation for medical negligence upon the Defendant and the Standard Form 95.

CASE NO.:

15. Defendant has failed to cooperate and provide full and proper compliance with its obligations to provide good faith statutory presuit discovery as required by Florida Statute §766.106. Defendant has also failed to conduct a review as provided in §766.203(3) to determine the liability of the Defendant.

## CERTIFICATE OF COUNSEL

16. Through counsel's signature below, it is hereby certified, pursuant to Fla. Stat. 766.203, that counsel for the Plaintiff, before filing this action, made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there was negligence in the care and treatment of ELIAS SANTOS. Such reasonable investigation has given rise to a good faith belief that grounds exist for an action against the named Defendant.

## FACTUAL ALLEGATIONS

17. At all pertinent times, ELIAS SANTOS had Hepatitis C.

18. As a consequence of this condition, ELIAS SANTOS had a significantly increased risk of cirrhosis of the liver and hepatocellular carcinoma (liver cancer). ELIAS SANTOS required appropriate and regular screening for these conditions, including diagnostic imaging and labs, to allow for early detection and treatment.

19. On June 1, 2015, M. Antoine, N.P. evaluated ELIAS SANTOS for his Hepatitis C and ordered a CT scan of his abdomen with IV iodinated contrast to screen ELIAS SANTOS' liver for the presence of cirrhosis and liver cancer.

20. M. Antoine, N.P., who knew or should have known that ELIAS SANTOS had an iodine allergy, failed to follow protocols for ordering a CT scan for a patient with an iodine allergy. Specifically, M. Antoine, N.P. failed to order certain medications ELIAS SANTOS needed before

CASE NO.:

the IV iodinated contrast could be administered to minimize his risk of a severe allergic reaction to the contrast.

21.     As a consequence of M. Antoine, N.P.'s failure to follow protocols and to order the pre-CT scan medications for ELIAS SANTOS, the CT scan was cancelled by a radiology nurse with the Miami VA Healthcare System on June 26, 2015.

22.     On June 26, 2015, M. Antoine, N.P. was notified by the radiology nurse that the CT scan was cancelled and provided with the reasons for its cancellation.  M. Antoine, N.P. was also informed of the necessary medications she needed to order for the CT scan to be performed.

23.     Notwithstanding having been provided with this information, M. Antoine, N.P. did not re-order the CT scan and instead ordered an abdominal ultrasound to evaluate ELIAS SANTOS' liver for the presence of hepatocellular carcinoma (liver cancer).

24.     The ultrasound was performed on July 20, 2015 and was insufficient to determine if ELIAS SANTOS had liver cancer.  M. Antoine, N.P. was notified by the interpreting radiologist that the liver was incompletely seen during the ultrasound and that the study was "inadequate to exclude hepatocellular carcinoma."

25.     M. Antoine, N.P. failed to re-order the CT scan or any other diagnostic imaging test, i.e. an MRI with gadolinium, when she evaluated ELIAS SANTOS on July 21, 2015, notwithstanding the results of the ultrasound from the day before.  M. Antoine, N.P. also failed to order an Alpha-Fetoprotein ("AFP") lab study, a tumor marker test, to determine if ELIAS SANTOS had liver cancer.

26.     M. Antoine, N.P. failed to notify ELIAS SANTOS that the ultrasound did not rule out the presence of liver cancer and was an inadequate study.

CASE NO.:

27. Thereafter, in February or March 2016, M. Antoine, N.P., again, ordered a CT scan of ELIAS SANTOS' abdomen with IV iodinated contrast to screen ELIAS SANTOS' liver for the presence of cirrhosis and liver cancer. For the second time, M. Antoine, N.P. failed to follow protocols for ordering a CT scan with IV iodinated contrast for a patient with an iodine allergy by not ordering the pre-contrast medications. Again, this resulted in the CT scan being cancelled by a radiology nurse with the Miami VA Healthcare System.

28. M. Antoine, N.P. was notified, identical to the time before, of her failure to follow protocols and of the necessary medications needed to be ordered for the CT scan to be completed. M. Antoine, N.P. signed-off as having reviewed this notification on April 4, 2016. Dr. Jeffers, who was M. Antoine, N.P.'s supervising physician, did not review and/or sign-off on the radiology nurse's note advising of the reasons the CT scan was cancelled until August 8, 2016, notwithstanding that it was in existence since April 1, 2016.

29. M. Antoine, N.P. did not re-order the CT scan or any other diagnostic imaging test until March 14, 2017, when ELIAS SANTOS presented with right upper quadrant pain. At said time, M. Antoine, N.P. ordered an ultrasound, which identified hepatic masses throughout the liver.

30. An AFP value was not obtained by M. Antoine, N.P. or Dr. Jeffers between February 5, 2015 and March 29, 2017, notwithstanding ELIAS SANTOS' known history of Hepatitis C. ELIAS SANTOS had other labs done during this time frame but not a needed tumor marker (i.e. AFP) study to allow for the early detection and treatment of hepatocellular carcinoma. When ultimately ordered, ELIAS SANTOS' AFP value was 1210 on March 29, 2017 (a normal value or reference range for an AFP is <6.1 ng/ml).

31. A CT scan with IV iodinated contrast was finally performed on April 4, 2017. The

CASE NO.:

CT scan identified masses throughout the liver which the radiologist stated likely represented multifocal hepatoma.

32.     A biopsy performed on April 12, 2017, confirmed hepatocellular carcinoma (liver cancer).

33.     ELIAS SANTOS had Stage IIIa hepatocellular carcinoma when diagnosed.

34.     As a consequence of the actions and/or inactions of M. Antoine, N.P. and Dr. Jeffers, the cancer in ELIAS SANTOS' liver progressed and spread without being diagnosed and/or ELIAS SANTOS receiving needed medical care, up until March 29, 2017, when he had at least 20 hepatic masses throughout the liver, in both lobes, with the largest mass measuring 7.6 x 6.8 cm.

35.     ELIAS SANTOS died on April 26, 2018, secondary to liver cancer.

## COUNT I - NEGLIGENCE

36.     Plaintiff re-alleges and re-affirms all of the allegations contained in paragraphs 1 through 35 as if set forth herein.

37.     Defendant, UNITED STATES OF AMERICA d/b/a MIAMI VA HEALTHCARE SYSTEM, operates a hospital, Miami VA Hospital, and outpatient clinics, which provided medical care, treatment and services to ELIAS SANTOS, including the care, treatment and services of its physicians and nursing staff.

38.     Defendant, UNITED STATES OF AMERICA d/b/a MIAMI VA HEALTHCARE SYSTEM, owed a duty of reasonable care to ELIAS SANTOS to provide him with non-negligent medical care.

39.     Defendant, UNITED STATES OF AMERICA d/b/a MIAMI VA HEALTHCARE SYSTEM, breached this duty to ELIAS SANTOS, by and through its employed physician and nurse

CASE NO.:

practitioner, Dr. Jeffers and M. Antoine, N.P., by:

    (a)    Negligently and carelessly failed to exercise reasonable care in the diagnosis, care and treatment of ELIAS SANTOS;

    (b)    Negligently and carelessly failed to appropriately assess and evaluate ELIAS SANTOS;

    (c)    Negligently and carelessly failed to properly screen ELIAS SANTOS for hepatocellular carcinoma;

    (d)    Negligently and carelessly failed to obtain appropriate diagnostic imaging studies;

    (e)    Negligently and carelessly failed to re-order diagnostic imaging studies;

    (f)    Negligently and carelessly failed to order the necessary medications for ELIAS SANTOS to be able to undergo a CT scan with IV iodinated contrast;

    (g)    Negligently and carelessly failed to order AFP lab studies;

    (h)    Negligently and careless failed to follow-up with ELIAS SANTOS after being notified of the need to re-order CT scans;

    (i)    Negligently and carelessly failed to inform ELIAS SANTOS that the ultrasound he underwent on July 20, 2015 was inadequate to exclude hepatocellular carcinoma;

    (j)    Dr. Jeffers failed to properly supervise M. Antoine, N.P. and her care of ELIAS SANTOS.

40. As a direct and proximate result of the negligence of the Defendant, which resulted in the death of ELIAS SANTOS, the Estate and its Survivors, in the past and will in the future continue to suffer damages, as described below.

CASE NO.:

41. As a direct and proximate result of the above described negligence of the Defendant, by and through its employees and/or agents, Dr. Jeffers and M. Antione, N.P., which caused the death of ELIAS SANTOS, Plaintiff sets forth the below listed claims for damages on behalf of the Estate and the Survivors, pursuant to Fla. Stat. 768.21, the Wrongful Death Act:

### CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE OF ELIAS SANTOS

42. The Estate has in the past suffered, and will in the future continue to suffer the following damages:

    a. Medical or funeral expenses, or both, which have been incurred due to the decedent's death that have become a charge against the Estate or that were paid by or on behalf of the decedent;

    b. Loss of prospective net accumulations of the Estate of ELIAS SANTOS.

### CLAIM OF PERSONAL REPRESENTATIVE OF ESTATE ON BEHALF OF SURVIVING SPOUSE, MIGDALIA SANTOS

43. MIGDALIA SANTOS, as surviving spouse of ELIAS SANTOS, has in the past suffered and will in the future continue to suffer the following damages:

    a. The value of lost support and services from the date of the decedent's injury to her death, with interest, and future loss of support and services from the date of death, and reduced to present value, to the extent of her normal life expectancy;

    b. The loss of the decedent's companionship and mental pain and suffering;

    c. Medical expenses; and

    d. Funeral expenses.

WHEREFORE, Plaintiff, MIGDALIA SANTOS, as Personal Representative of the Estate of ELIAS SANTOS, deceased, on behalf of the Estate and the Survivor, sues the Defendant,

CASE NO.:

UNITED STATES OF AMERICA d/b/a MIAMI VA HEALTHCARE SYSTEM JAMES, for compensatory damages, costs and such other relief as may be allowable by law.

Dated: March 26. 2021	By: *s/ Bradley Kaplan*
BRADLEY J. KAPLAN (848131)
bkaplan@kaplantriallawyers.com
KAPLAN TRIAL LAWYERS
9410 S.W. 77th Avenue
Miami, FL 33156
Tel: 305-274-7533
Fax: 305-274-7855
Attorney for Plaintiff